Next on the agenda is United States v. Swartz Family Trust and Orienta. All right, Mr. Kessler. Which Mr. Kessler, first of all? This is Stephen Kessler, Your Honor. And you represent the Swartz Family Trust. I do. I think Scott is a brother from Swartz, I guess it has to be, since the father would have the same name, correct? Thank you, Your Honors. Not literally so? Not literally so. This is the first time, in fact, we met on this case. Okay, very good. Thank you. In fact, today is the first time we met. Good morning, Your Honors. May it please the Court, my name is Stephen Kessler, and I represent the Swartz Family Trust. The evidence submitted by the trusts demonstrating its legal interest in JREC subs remains unchallenged today. It was never challenged by the government when the government made its first motion to dismiss the petition. Then, for reasons that are still unclear, the government did not wait for a ruling on that motion, but the government made a second motion to dismiss the same petition that the trust filed. Understand that in the case, the trust had been served with an amended preliminary order of forfeiture, and the trust had filed an amended petition. To this day. But isn't the time the original one, and didn't you miss that time? So, isn't this case simply one that you didn't file within 30 days? You say it goes from the amendment, but there's no earthly reason for it to go from the amendment for notice. There's no question, Your Honor, that the trust missed the 30-day deadline. The papers indicate the reasons for it. The trustee at the time was in the hospital for three months. The ex-wife, Ms. Patterson, did not have any money to retain an attorney. By the time the trustee came out, they got their act together, and they did file the petition. But they didn't file the petition within 30 days after he came out of the hospital. It was many months after he... It was about a month and a half later, Your Honor. He acknowledged that he had received and signed for the notice in the first place, right? There's no question that the papers had been received. And then when he rediscovered the papers, he still did not file a petition within 30 days of when he rediscovered the papers. So, I guess the answer to your statement, Your Honor, is yes, that's true, but it's not as simple as you may make it out to be. Well, the statement should have had a question mark at the end of it, but what I was asking you to confirm, and which you did confirm, is that he did not file within 30 days of the disability. So, even assuming that there was some form of equitable tolling during the period in which he was hospitalized or incapacitated, then he gets the notice, and I haven't seen any way an argument that suggests that there was still some incapacity that accounted for the further delay. No. The incapacity that accounted for the additional delay, Your Honor, was the lack of funds and that the trustee and the beneficiary had no money to retain an attorney. And in fact, ironically, in the motion to dismiss the petition, one of the arguments that the government makes is that the petition had to be represented by counsel, and therefore the court below should dismiss the petition because it wasn't, they weren't represented by counsel. But this court has said several times, as have other courts, that the 30-day period that we're talking about is not mandatory. It is not, it is, it is not a shall in the statute, and in fact, this court in Lavonia Road. No, it's not a, it's not a shall. It gives you permission to file within 30 days. There's nothing that gives you permission to file after 30 days. In Lavonia Road, Your Honor, this court in 889F2nd, the court indicated, and I quote, when as here a claimant has made a sufficient showing of interest in the property through filing with the court a motion and accompanying affidavits, technical noncompliance with the statute may be excused. That has been quoted in this circuit up until the last case I know is the 2020 decision. The, my point is, yes, there is a 30-day time in the statute. However, part of the reason, and in fairness to the government, they do not argue anywhere. They didn't argue it below, and they don't argue it on appeal, that there was any prejudice to this delay. Yes, but prejudice has never been a part of it, and some circuits have read that to go so far even as not to allow amendments to a complaint. Now, we haven't done that, but that's a long way beyond saying that we should just ignore it. But there was an amendment, Your Honor, and as, Your Honor, I believe it was your decision in U.S. v. Bradley in 2018, the court indicated that ancillary proceedings are in the nature of quiet title actions. These are civil proceedings. The civil rules apply, and the civil rules apply throughout, which is why many district courts that, who hear criminal cases primarily really don't know what's going on in the ancillary proceedings. District courts do not primarily hear criminal cases. They have general jurisdiction in all manner of cases. Yes, I understand. They do not primarily deal with criminal cases. Most of my time as a district judge was taken up with civil cases. I correct my statement, Your Honor, but it is dealt with civilly. So the fact that the trust was the only party that was served five months before the defendant was sentenced But it's supposed to be. Oh, no, Your Honor. The statute encourages dealing with these things as quickly as possible. But, Judge— It's explicit. You don't have to wait until there's a sentencing. But no other— The other party that was known. Other parties may come out of the woodwork, and they've got their problems. But the government is encouraged to give notice. What is wrong with the government giving notice to a party that obviously might well claim an interest that there is a forfeiture that might affect their interest? That's what they're supposed to do, give you notice if they can. Yes, Your Honor. But the preliminary order of forfeiture is final as to the defendant, correct? Yes. Now, come on. Notice was given. Yes. There were some reasons possibly for tolling, although no—and then after you clearly had noticed, you didn't act within a certain amount of time. Now, you know, just—I don't understand how a case could be much easier than this. I don't really—I'm sorry, but I don't see what you're arguing. If the court—if the lower court did not get passed and the government did not argue anything relating to the merits, the decision by the district court below was a Rule 56 summary judgment as it related to the government and a Rule 12 as it related to the trust. And the reason why that is important here, and it was a different standard, was because under Rule 56, the district court permitted the government to file what they called an exhibit book. Now, papers that the exhibit book was 868 pages. But I took the liberty of bringing it, Your Honor, so that you see what the 868-page document sitting on the judge's desk that he accepted for purposes of making a decision. Now, this is double-sided, by the way. I guess it's double the height if it were single-page. If this is sitting on my desk as a judge and the government doesn't point to anything in particular that says supports our argument but says, you know, it's in there, I'm saying, well, something's probably in there. But the court specifically said that it was not going to consider the evidence that we submitted. And I quote, in the—in its decision denying the reconsideration, the court specifically said that it was refusing to, quote, dig into the evidentiary material buried in, close quote, our filings, to, quote, find a disputed issue of fact concerning the date on which the trust first acquired its alleged interest in the asset. The court was not going to look at the evidence— Well, it didn't have to if it found the petition untimely. I suppose— You know, it seems to me, I mean, there's a reasonable sort of practical argument that, well, maybe the judge had an extra incentive not to look at that gigantic document, let alone whatever gigantic document you filed, and so it was convenient to rule on timeliness. But the question of timeliness, you're not suggesting the question of timeliness depends on anything in either of those volumes, are you? Well, we didn't submit a volume, no, but I am not suggesting that, Your Honor. This has to do with the test that the judge used below in making his decision. Well, this goes to the merits issue. This goes—this, no, this actually—the court's decision, as Your Honor's know, was dismissal based on timeliness. Right. So I'm not understanding what the problem is, so please help me. I thought you were saying that big, fat volume that you just showed us, which is very intimidating, and I know the difference between two sides and one side, you know, what that means. Yes. But that, all that material is about the merits of when the Schwartz Family Trust acquired the interest and the whole story of what Mr. Schwartz did at different times, manipulating different corporations, some of which were in the trust and some of which weren't in the trust, and, you know, that might make for a very complicated question. But I'm not understanding why the consideration or non-consideration of any number of documents or anything in that set of exhibits has to do with the timeliness. So help me out. So I guess what I'm saying, Your Honor, it doesn't have to do with the timeliness itself. It has to do with the court's forgiving the untimeliness of the initial petition. So your argument is that when there is something that is untimely, what the court must do is look to the merits and see whether the merits are good enough and then forgive the untimeliness. Is that the argument you're making? Not exactly, Your Honor. My argument is that if the issue is one of untimeliness and every other filing by that party has been admittedly timely, and if the issues were litigated for a two-year period, and if the merits and the facts relating to the merits are as they are here uncontested, and if at the end of the day the government... I'm having a little trouble with the conception that this is uncontested because it certainly looked to me as if the government, at least on appeal, had what sounded like a strong argument that on the merits, the interest of the Swartz Family Trust that it currently has, was achieved long after the fraud because Mr. Swartz took assets out of the trust, manipulated them for a while, committed some frauds, and then put a resulting corporation back in the trust. Now that may be right or that may be wrong, but I don't think it is anything like the case that it is uncontested that the trust had a pre-fraud interest that persisted without disruption throughout all of these events. Now again, we haven't talked at all about the merits, and you've, I think, agreed or yourself are arguing that we shouldn't because that never was reached by the district court, and the only issue before us is whether this was or wasn't timely, or rather whether the untimeliness should be excused, right? That's the issue. I am not arguing, Your Honor, that you should not reach the merits, and whether the issue of, and when I'm talking about the merits, Your Honor, I'm talking about the merits of the trust's interest in the asset. That's what I'm talking about. Okay, yes, I'm just clarifying. That's contested. The trust's interest in the Excuse me, that is contested, is it not? The trust's interest in the asset from 1999 to 2005 has not been challenged by the government until today. That is a fact. Why did they submit that whole giant bunch of material? What is that supposed to prove? There is nothing in this material that counters the creation of the trust. Mr. Miller, Harold Miller was the attorney in Florida who created the trust and who put JREC subgroup into this trust in 1999. Yes, but then later it was taken out. Never. It was never taken out. Well, that's what the government says. Now, I don't know, they may be wrong, but that's a question that is not really before us, and I don't know why you're telling us we should consider the merits. The issue is, is there a reason why the untimely filing may be and should be excused? So I thought I addressed the issue of the timeliness and why that this particular and only untimely filing by the trust should be excused. But it's the one that counts. It's not the one that counts. Excuse me, there were no filings at all that to be timely or not timely until they filed the petition. But that's not correct, Your Honor, because there was an amended preliminary order of forfeiture. Now you're coming back to the notion that somehow timeliness comes from the amended, and there is nothing ever that has suggested that that is the case. But that is the case in all civil proceedings, Your Honor. If you sue me and file a complaint and I don't file an answer, and then you serve me again with an amended complaint, I have 30 days. But that's not an amended complaint. It's amended order of forfeiture, and the amendment has nothing whatever to do with the asset that we're talking about. That's right. So I don't understand why that is analogous to filing an amended complaint. Because in Bradley, as in other... The complaint is your petition. That's what constitutes the ancillary proceeding. I disagree, Your Honor, because the preliminary order of forfeiture serves two purposes. It serves to put you on notice that there's a problem. And then you can either start an action or not start an action. No, respectfully. The order finishes relating to the defendant, and it then commences the next part of the proceeding. No, nothing commences at all. If no one files anything in 30 days, it becomes final as to the world. It only gets into contest if someone brings a petition and starts an action in which the burden of proof is on the petitioner to establish that they have an interest that is proper, that either precedes the government's interest or is there a bona fide purchaser for value. And if the burden is on you and you're starting an action and saying, wait, stop, don't let this order of forfeiture become final because we have some things to prove. That's the complaint, as it were, that starts a civil action. If that isn't filed, it automatically, the preliminary order automatically ripens. That's how the statute works. But I think we're saying the same thing, but there's one additional slot that I'm trying to fit in. And you're correct, of course, Your Honor. But the government has to serve the preliminary order of forfeiture. Actually, it does not. It serves it only by notice, by publication. No, not if it has indirect knowledge of the ownership of an ownership interest. You get notice so that you have to act within 30 days to try to establish that you had an interest prior or you were a bona fide purchaser. And I don't see how anything in this case suggests anything but that you filed that after 30 days. There's no way I can change the dates, Your Honor. No. If I could, I would. Of course. But I cannot. That's right. Those dates are what they are. But the actions and the activities that followed once the sentencing took place and once the amended preliminary order of forfeiture was served, and again I repeat, the amended petition is still out there. No one has adjudicated it. The government did not oppose it. Okay, so let me just – your two arguments essentially, just to make sure I have them. Number one is that the untimeliness, in quotes, even if judged from the first preliminary order of forfeiture, the untimeliness should be excused by some form of equitable tolling because of the incapacity of the trustee and the poverty of the trust and the beneficiary of the trust. And your second argument is we should date the 30-day period from the amended petition rather than from the original petition. Is that essentially the arguments you're making? Yes, Your Honor. Okay. I think we have the argument. We've kept you well, well, well beyond your time. I apologize. I wish we apologized. Oh, no. That's fine. May I just add one final thought? Sure. I'm sorry. You have one minute for rebuttal. If you want to use it now, you may. Well, I always like to hear what the government has to say to save for rebuttal. Should I wait until then? Why don't we wait for the rebuttal? I think we have the arguments that you've made, and we'll hear from Mr. Scott Kessler on behalf of Orienta. Thank you, Your Honor. Please. And, Mr. Kessler, before you begin, I have one quick factual question. How much money are we talking about? Because I think we know how much, right? There is a substitute race that's a pile of money sitting somewhere in the custody of the district court. How much money is that? I don't know how much money that is because that money has not been disclosed to us by the government as to what the assets sold for. Is that right? I do. You do know? Yes. Okay. How much? The dollar figure is approximately just under $3 million. Under $3 million. That's kind of what I anticipated it might be. And if I just may finish. If the distribution is through the trust, the government will receive one-half of the trust's value, which is, I believe ours is 65% ownership, and Orienta is 35%. So the government gets the defendant's share, which is 50% of the 65%. Ms. Patterson gets 50% of the 65%. Thank you. Okay. Good. Okay. I think I understand. Mr. Kessler, go ahead. Thank you, Your Honor. May it please the Court. Scott Kessler for the appellant, Orienta Investors. For years, both the government and the district court accepted and understood that Orienta sufficiently stated both a superior interest and a bona fide purchaser claim. The district court and the government both agreed that discovery was needed to resolve Orienta's position. However, the government changed its position years into the litigation to avoid discovery on the very claims it told the district court were necessary to develop the factual record for Orienta's claim and to resolve the interlocutory sale motion. The district court accepted all of the government's arguments, even once the government changed its position, and then dismissed Orienta's claim for failure to state a claim. In doing so, the district court erred for several reasons. First, Orienta's position, one, it was timely filed, so we don't have the issue of the 30-day filing as we do with the Swartz Family Trust. In the petition that Orienta filed, it presented a short and plain statement of both the superior interest and the bona fide purchaser claim. That's all that's required, and it satisfied that requirement. However, the district court made an error in accepting the government's argument that a heightened pleading standard applied. Now, that argument, the government didn't raise on their first motion to dismiss, which they withdrew. They didn't even make that argument when they filed their moving papers in connection with their second motion to dismiss. But look, with the superior interest, I have a problem because of when there was a plea of guilty and then what happened after. The bona fide purchaser is more complicated, but I have another. My question is, even if you haven't made that out, shouldn't you be allowed an amendment? That is, my major problem in this is you could argue more about an amendment, about a bona fide purchaser, than you did. And so the question is, should an amendment be allowed? I know some circuits do not allow it, but we in DeLargas, or however that case is pronounced, suggest that amendments are, well, hold that amendments are in some circumstances allowed. So that's what I hope people will focus on, at least to some extent. Thank you, Your Honor. And I had a question about how to pronounce the name of that case as well, so maybe Judge Lynch can help us out, since he decided it. Right. So to answer your question, we were not permitted leave to amend. We weren't even permitted leave to request leave to amend by the district court, and we believe that was an error. Following the Daugardas, I think that's how you pronounce it, I'm not sure. Following that case, where clearly the petitioner was well beyond the 30-day limit after filing her petition. And in the interest of justice and in taking into consideration sufficient due process claims and considerations, it was deemed permissible to allow the petitioner to amend outside of the 30 days. Here, we clearly have the ability to state a bona fide purchaser claim. The government knows that we had the claim because they moved to dismiss it the first time, and then withdrew it once we filed our opposition, setting forth all the grounds for our claim. So clearly we can make sufficient pleading, we can amend. We would ask, though, that the court reverse the district court's denial of our motion and reinstate our position, or in the alternative, give us leave to amend. All right. And your primary reliance on appeal is on the bona fide purchaser side of the case, right? That is primary, but we also believe we state a superior interest for many of the reasons that my fellow Mr. Kessler set forth on the record. Okay, you've got that, but that's presented in the briefs. Yes, Your Honor. Okay. May I ask a question? Yes. So in your briefs, you talk about the fact that your client, Orienta, wants to have an opportunity in the event that we disagree with you, to foreclose on the 65% interest that is held in focus acquisitions by the trust. Is that right? I'm sorry, I didn't hear all of you. That we want to ask for leave to foreclose? You anticipate trying to or attempting to foreclose on that 65% interest. Do I have that right? I'm not sure that that's a fair description of our argument, and if it's in there, I'm happy to take a look at it, but I do not recall that being one of our arguments. Our argument now is that our interests have been— No, no, no, I'm not suggesting that it's an argument, but it's a statement that you made that if this doesn't work out, you anticipate attempting to foreclose on the 65% interest in focus acquisitions. Do I have that wrong? I do not think that that is correct, Your Honor. Okay, okay. And one other question is that you also regard yourselves as a victim. Is that correct? Well, not Orienta. One of the— The owner? Yes, Your Honor. A 50% owner of Orienta. And so he's listed as a restitution victim? Yes, he has been listed. And it's not that we call ourselves as a victim. The government has listed the individual ESO as a victim of Mr. Swartz's fraud. So Orienta is a third party, and the part owner of Orienta is a victim. Yes, Orienta is a third party from the defendant and all of its entities, and the victim ESO is an owner of Orienta. Thank you. Thank you. Thank you. Anything else, Your Honor? If there are no further questions, I think we have your argument. Thank you. Thank you. May it please the Court, Alyssa Hart-Mahan for the United States. If you tilt the microphone up a little bit, or possibly move over to the other one. No, either one. They'll both—as long as it tilts up. There you go. Thank you. And raise it a little further, maybe? Or maybe that's as high as it goes. May it please the Court, I'll begin by addressing the Court's questions about amendment of Orienta's petition. And this Court's decision in Doggartus did permit Mrs. Doggartus to amend her petition on remand, but the circumstances there were quite different than here. And in Doggartus, this Court made clear that it was motivated by a glitch in the statute that did not cover Mrs. Doggartus's claim that the assets at issue were substitute assets. If the argument is that amendments are not allowed because the 30 days is absolute, then we can't do what we did in Doggartus. The circumstances of Doggartus are different, but if the argument is that the 30 days applies also to amendments, then we couldn't do what we did in Doggartus. If it doesn't apply, the 30 day, then the normal rules of amendment apply. So I don't quite understand the government's argument. Doggartus seems to me to say that the position that has been taken, some circuits, that 30 days is absolute and no amendments, settles it. But Doggartus says no. So we're on. Well, this Court in Doggartus did not explicitly address the 30 day time limit. Well, even if it's a fresh question today, why on earth should we say that the 30 day limit prevents amendments to petition? The point of the 30 days is to make sure, and it's absolute, I think, that parties have to come and let the government know that there is an issue so that it can be fought out. But if there is some technical failure of pleading and the government has been on notice from the beginning what the petition meant anyway, why on earth would the 30 day limit suggest that there can be no amendment to fix any technical problems in a complaint that is so clearly intended to assert a bona fide purchaser claim that the government moved to dismiss that and then withdrew it because, well, all right, let's go ahead and do the discovery to find out whether they're a BFP or not. Where is the prejudice? Where is the rationale? Why should we say that under those circumstances, I'm not even sure that we couldn't even say the petition was amended by the facts that are before the district court without worrying about making them write one. I would submit, Your Honor, that the deficiencies here were more than simply a technical omission. And if you look- Yeah, but that again misses the point. Often in these forfeiture cases, the third party may be somebody who doesn't have money, who is not particularly knowledgeable, gets the notice, comes in, and says something that says, hey, I'm an innocent third party. I was a bona fide purchaser. I'm an innocent third party. But what they say, because of who they are, is not technically adequate. Why on earth should we keep that person from amending? And once the court tells them, you know, you didn't do this, you didn't cross your eyes, you didn't talk your keys or whatever, have a chance to do it. Why shouldn't we do it? I mean, why should we read the statute to do that? In this case, Your Honor, this was a counsel filing, so this wasn't a situation of a destitute pro se petition. I understand that that isn't, but the question is how do we read the statute as one that bars amendments or not? And if it makes sense to read it in that particular way that allows amendments, then you allow amendments. And you do it even in a case where the people might have done it right to begin with. That is, then the question becomes, is this a properly asked for amendment, which is a standard kind of question. And often, if a person was counseled, we may not allow an amendment because it's futile given they've done before. But the test then becomes a test of amendment, and when we allow it, not a test of what the statute says. I would point out that Orienta's petition here specifically identified the ground for relief that it was seeking. And I think any fair reading of that petition, it focuses exclusively on the superior interest prong of 853 and 6. Well, that wasn't your fair reading. The government's briefing below focused on the merits of the original motion to dismiss and the subsequent withdrawal of that motion to dismiss, focused on the merits of the case and focused on Orienta's response in briefing alleging factual disputes that would require discovery. And it was an oversight, Your Honor, that the government did not adequately focus on the text of the petition at the time of its initial motion to dismiss. But didn't the government's initial motion and its withdrawal both evince an understanding that one of the issues raised was BFP? The government addressed that. Again, that's one of only two grounds available under the statute, but never represented that the petition itself stated a claim for relief on that ground. If you said, I would understand if the government's motion said there are only two things. One is BFP. They don't even assert that. And the other is something else. But I was under the impression that the government thought that BFP had to be addressed on the merits. The government's initial motion said that Orienta could not prevail under either prong, that Orienta could not plausibly allege under either prong. And then in Orienta's opposition, Orienta raised additional facts relating to its knowledge. And then, excuse me, and then you withdrew your explanation. Based on the representations made in Orienta's briefing, not the text of the petition. But so that's exactly where we thought we were, right? We are in a place where perhaps they have failed in the petition to state clearly one of their grounds. And now they want leave to amend to make that ground clear. But that is a ground that the government understood from the beginning was in the case. The government understood from the beginning that they were here and they were asserting something. So what is the reason, to go back to Judge Calabresi's question, why we should read the statute under those circumstances to insist that if their petition failed properly to allege one of the two grounds, that although everybody understood that that was in the case, they can't amend to correct that mistake? For two reasons, Your Honor. First, the text of Section 853.N.3, which requires a petitioner to allege with some detail the nature of their interest in the property, the date that it was acquired, and the relief sought. That is a statutory requirement. And that is what... And did they not do those things? What's that? Did they not do those things? They did include information about the date of the acquisition. But they did not, they only identified a superior interest as their ground for relief in the petition. They did not say the words bona fide purchaser. They did not say bona fide purchaser. They did not allege that they were reasonably without cause to know that the asset was subject to forfeiture. And they cited exclusively to 853.N.6a and referenced legal principles that only apply to the superior interest prong of the ancillary forfeiture statute. And let's assume that they totally didn't even realize that there was a second ground that they could base their petition on until after this litigation gets going. Why would we say that adding that to their petition is the same thing as if they had never filed a petition at all and therefore is prohibited by the 30-day requirement, the 30-day time limit on filing a petition? Because once again, I understand the importance of the 30-day rule. Because after 30 days, if nobody had filed anything, then the Swartz family would surely be out of luck. Because if it weren't for Orientis filing, nothing having happened in 30 days, the order would be final. And that's what the statute wants to see is that if nobody comes in and complains, it becomes final. But someone has come in and complained. And now that they're there, what exactly is the reason why they shouldn't be allowed? There are only two grounds. Why shouldn't the government be required to deal with a legitimate claim? And by legitimate, I just mean at least that, you know, this is plausible or colorable. Why shouldn't you have to answer that objection? So first, because of that pleading requirement in 853N3, which is a more demanding standard than in a typical civil case. Well, you just told me that the specific things that they were required to do, they did, right? They did not. They did not. They did not comply with 853N3 with regard to their bona fide purchaser claim. Well, but look, in a normal case, even if there's a statute that says there are several grounds which you can do, and you come in and you make a claim under one of these grounds, and you never even mention the other ground, but then you are there, you're told that isn't so, don't we allow amendment to bring in the other ground? That is, in the ordinary course of things, when somebody comes and brings the suit, now here the important thing is to give notice to the government that somebody is claiming this property. Why shouldn't we treat this in the ordinary way that we treat these things and let the party then come in and file an amendment? What is there about this section, this statutory language, which you say, that causes it to be read differently from any other statute? Well, Your Honor, those cases were not ancillary forfeiture proceedings. And I think there is that there's – I understand that. But what I'm saying is what is there about ancillary forfeiture proceedings that we should read a statute which says come in without 30 days and tell me that you have a claim in a way which is so dire, keeping in mind that in one case we failed to do what you're saying, but then even assume that that case is not controlling, but isn't it – what is there about this statute that requires us to say, unless you do everything right and mention all of your claims, you lose? What is there about forfeiture that makes it such a thing that should be read that way? So the text of Section 853N3 requires the party to specify in its petition the relief sought, the ground for relief. And here, Orienta's petition solely alleged a superior interest. But there are any number of statutes that say you must, when you come to the statute, state the ground of relief and you set one and you don't mention the other and we allow amendments. I mean, you know, we hear cases of that sort every time. Why should this statute be read differently and more draconianly than any other statute? Or put another way, why wouldn't the purported amendment or proposed amendment, rather, relate back? Yeah. Just like amendments to – some amendments do and some don't, for example, for purposes of statute of limitations and so on. Yeah. Isn't this a kind of thing that would relate back? Your Honor, I would submit that the statutory scheme governing ancillary forfeiture proceedings includes a number of different provisions that distinguish it from a typical civil case, including the strict 30-day time limit. After the expiration of 30 days, as you noted, any interest in the property is extinguished. Right. But you agree that would not have happened here in any event because Orienta did make – Orienta's petition was timely filed. Right. We agree with that. So just, you know, to maybe try to help you focus on Judge Calabresi's question, I guess the way I would put it is I understand why there's something special that would make the 30-day time limit strict, and that's got to do with the fact that we want these property issues to be cleared up expeditiously. If nobody files within 30 days, the order becomes final. So that's a good reason why this is treated as mandatory. And I would suggest the language doesn't, like, tell you it's mandatory, by the way. It doesn't say this. You may file within that, and then it's done. But it is a good reason to interpret it, to mean that. What is the good reason to interpret it as strictly with respect to amendments? That is equivalent to the rationale that, hey, after 30 days it's over. We want these things to be cleared up. The litigation could have gone on for a million – may still go on for a million years about their first ground. Why allowing a two-front war is a problem? Because they're required to identify the ground for – No, but you're just coming back to your linguistic argument. I'm asking for why should we read it that way? And I would point you to the cases we cite in our brief dealing with concerns about fraud in forfeiture proceedings. And that's why the pleading requirements are strictly construed. That's why you have the mandatory time limit. Counsel, the Federal Torts Claims Act has very strict timing requirements, having to do with waiver of sovereign immunity and so on. And they're very strict and very important. And people have to meet those and come in. But if they come in and then they say some of the claims of negligence are not really there but others are, we, in the ordinary course, guided by the limits of statutes and limitations, everything else about amendments, allow amendments. That is, the language is just as strict. And yet we allow it. So why should we read this language to be different from cases where it is very important that people come in by a certain amount of time and start? Your Honor, I can't do more than cite you to the statutory text. And you're doing your best. One thing that I did want to note that distinguishes this case from the Dogertes case is that Mrs. Dogertes' petition clearly asserted a superior interest claim. If you look at the underlying petition in that case, she clearly identified the grounds for relief under 853N. And this Court permitted amendment so that she could plead additional facts. And we submit that amending the petition to add an additional ground for relief was not appropriate, was not consistent with the statute. And finally, I would note that the District Court... I'm sorry, yes? I have two questions. I'm sorry. I'm sorry, if you can't hear me, just let me know. Did Orienta request leave to amend from the District Court? I believe they requested leave to amend in their motion for reconsideration, which the District Court denied. And I was going to make the point that the District Court's denial of leave to amend was, even if the Court disagrees with me about the statutory structure and the propriety of amendment, I would submit was within the District Court's discretion here. Can you remind us why the District Court denied leave to amend? So it was a brief order denying the motion for reconsideration, so the District Court did not explain its reasoning at length. And, you know, in pointing us to 853 and 3, I think what you're really saying is that a petition is defective under that provision, right? It's clearly defective. Yes. Is there any language? Set aside theories. Is there any language in 853 that prevents a party from amending a petition after the 30 days are up? In our view, the 30-day time limit prevents amendment. And I would point, Your Honor, to the 11th Circuit's decision in United States v. Soreid, in which the petitioner attempted to add an additional ground for relief, and the 11th Circuit held that that violated the 30-day time limit. How is the fact that the 11th Circuit has decided the other way caught? I leave that to the Court to determine. Well, don't answer that. Is that, Judge O'Neill, do you have any further questions? No, no. Thank you very much. All right, I think we've kept you well past your time, and I believe we do have the arguments. We understand what the issues are. I thank you for your argument. Each side, each of the appellants has a minute left. Thank you. That was rather rough. That's my job, but you're doing your job. I'd only ask, Your Honors, that after what we've heard about Orienta, certainly the proceedings are being litigated. There was no issue that the government wasn't on notice of the trust's interest in the asset. In fact, something that was briefed is that the government's interest in the asset was not on notice. is through the trust. So the defendant's interest is a 50% beneficiary interest in the trust. The trust owned the asset. Hence, the defendant had an interest in the asset. So our interest is actually superior to that of the defendant. And the government doesn't get to the defendant's interest unless the trust has an interest in the asset. Because one of the aspects of the underlying fraud is that Mr. Swartz, in rejiggering the corporate structure, harmed the trust. Is that the point? No, Judge. The trust is a victim here. It's not that the trust is a victim. Certainly his ex-wife is a victim.  We don't actually know. It's never been articulated what the theory of forfeiture is as far as the government is concerned. It's certainly not proceeds. We know that the JREC subs was owned by the defendant's father, I think, 20 years before even the defendant got it. This is illegitimate. None of the funds are tainted themselves. The argument the government makes is dominion and control. But if dominion and control was the test, I have dominion and control over my Subaru. And if I tell you that I own the Subaru, well, that's nice. But I don't own the Subaru. I don't have any interest in it. And in three years, it goes back to Subaru. So if somebody who is convicted of fraud, if the basis of the government's argument is, well, he said he owned the asset, but, in fact, he doesn't own the asset. Pardon the expression, but I have a bridge in Brooklyn to sell you. That's not the basis. I think I understand. All right. And I would just ask that Ms. Swartz, Ms. Patterson now, not be penalized for her share, which is admittedly untainted assets because she didn't have the funds and the trustee was sick and she didn't have the funds at that particular time to retain an attorney to file a proper petition. Thank you very much. Thank you. I'll be very brief, Your Honor. The petition itself cites to 853 N6 principally. It doesn't differentiate between A and B. There is a reference to A, but at the end, it says N6. And the government was clearly aware of the bona fide purchaser claim because not only did it wait for the opposition and then withdrew its motion, but in its motion it has a separate argument seeking to dismiss a claim under the bona fide purchaser prong of 853 N6. And could you just very quickly tell us what in the petition gave any fact that is relevant to BFP? Sure. So the petition alleges that Orienta relied on fraudulent statements made by Swartz in order to make its purchase, that they were a victim, that they did not know the truth of where the asset was or whether or not it was under Swartz's control and relied on his fraud. You know, I mean, I'm not going to quibble with you over is that good enough. Does that technically state all the elements of bona fide purchaser? But what you're suggesting at a minimum is that saying we were victimized here and fraudulent representations were made with respect to all of this that led us to make this purchase would at least make a reasonable person think that, oh, what this guy is claiming is that he's a bona fide purchaser for value. Yes, Your Honor. And the government did think that because they sought to dismiss that claim. Even if the claim was not made sufficiently that it was a statement of something in that general area? Correct. And there's case law supporting that the magic words of bona fide purchaser don't need to be used or magic words under a statute don't need to be used. It's the essence of the claim. Am I right, counsel, that one of the owners of Orienta was counsel and a close associate of Mr. Swartz? That's a factual issue that was never developed. There is a reference in the underlying record that he was a close friend. I'm not sure if he was counsel to Mr. Swartz. And that he solicited a client to invest in the enterprise? He introduced the individual ESO, the other 50 percent owner of Orienta. He introduced him to Mr. Swartz. That is in the record. And is there not an implication that at least the attorney, a close associate, might have been aware of the underlying flaw? That is an argument that the government has made, but there's nothing in the record and there's no factual development of that allegation to support it. What is it when you amend that you would say? We would amend to state the nature of the circumstance of the purchase by Orienta, the reasons why it did not have reasonable cause to know that the asset was subject to forfeiture, and we will allege specifically the statute that we're relying on as a claim for relief under the bona fide purchase of property. Would you agree with me that you can be both a victim and not be a bona fide purchaser under certain circumstances? One can be a victim and not be a bona fide purchaser for value, yes. Thank you very much. But that's a factual question. That is a factual question that we were never able to get discovery on. Good. All right. I think that wraps it up. Thank you very much, all of you, for a stimulating argument. Much appreciated. The case is now fully submitted and we will reserve decision. There are two more matters on today's calendar, but the parties there had not requested oral arguments, so they are taken on submission. And the clerk will adjourn the court with our thanks. Thank you, Your Honor. Thank you all. Court is adjourned.